IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JAN 19 2006
JOHN F CORCORAN, CLERK
BY
   DEPUTY CLERK

| | |
|---|---|
| **MONTE CLAY MOSLEY,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:06CV00046 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: Norman K. Moon |
| ) | United States District Judge |
| Respondent. ) | |

Petitioner Monte Clay Mosley, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. In his motion, Mosley requests re-sentencing under the United States Sentencing Guidelines (USSG) in their present, advisory form. Although Mosley does not cite the case, the court concludes that his claims rely entirely on the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (January 12, 2005). Because *Booker* does not apply retroactively to Mosley's case, the court must summarily dismiss his § 2255 motion.

Mosley was convicted after a seven-day jury trial on a drug conspiracy charge and sentenced in 1996 to 300 months imprisonment. Mosley appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in October 1997. *See United States v. Crop*, 127 F.3d 354 (4th Cir. 1997). Mosley signed and dated his § 2255 motion on January 11, 2006.

Mosley asserts that he should be resentenced under the advisory USSG because they give the sentencing judge more discretion in calculating a fair sentence. In *Booker*, the United States Supreme Court invalidated the mandatory USSG in part and noted that the USSG could be used as advisory

Dockets.Justia.com

guidelines. The United States Court of Appeals for the Fourth Circuit, however, has held that the rule in *Booker* does not apply retroactively to cases on collateral review, that is, to any case filed by a defendant whose conviction became final before the issuance of the *Booker* opinion. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive).

Mosley's conviction and sentence became final in January 1998, upon expiration of his opportunity to file a petition for a writ of certiorari in the Supreme Court. *See United States v. Clay*, 537 U.S. 522, 525 (2003). Since Mosley's conviction became final prior to the decision in *Booker*, the *Booker* rule does not apply retroactively to his § 2255 motion for collateral review. Because Mosley has not raised any other ground for relief under § 2255, the court must dismiss his motion. Moreover, because *Booker* does not apply to his case, it does not provide a basis on which to find his § 2255 motion timely under § 2255 para. 6(3) or to prevent his present motion from being successive under § 2255 para. 8.[1] These defects present alternative grounds for dismissal of Mosley's current case.

An appropriate Final Order will be entered herewith.

DATED: January 19, 2006.

*[signature]*
United States District Judge

---

[1] Mosley previously filed a § 2255 motion challenging his conviction on several grounds. Civil Action No. 7:96-cv-00817. The court denied relief, and the Fourth Circuit affirmed that judgment.